IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MIKASA L. CRAWFORD, ) | Bankruptcy Case No. 08-30312 |
| ) | |
| Debtor. ) | |
| MIKASA L. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 08-3095 |
| ) | |
| CREDIT ACCEPTANCE ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### AMENDED OPINION

This matter having come before the Court for trial on Plaintiff's Complaint for Determination of Contempt, Sanctions and Injunctive Relief; the Court, having heard sworn testimony and arguments of counsel, and having reviewed exhibits submitted by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

#### Findings of Fact

The material facts in this matter are not in serious dispute and are based mainly on the credible testimony of the Plaintiff, as the only witness, and the exhibits which the parties stipulated were admissible as evidence in this proceeding.

On February 21, 2008, the Debtor/Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code. Prior to the date of her bankruptcy filing, the Debtor/Plaintiff's vehicle, a 2001 Chevrolet Prism, was lawfully repossessed by the Defendant, Credit Acceptance Corporation. The Debtor/Plaintiff included the debt to Creditor/Defendant in her Chapter

13 Plan and proposed that the contract be paid in full in the amount of $10,725, plus 8% per annum interest at the rate of $222 per month as required by 11 U.S.C. § 1325.

As a result of her bankruptcy filing and its inclusion in her Chapter 13 Plan, the Creditor/Defendant returned possession of the Debtor/Plaintiff's vehicle to her within a few days of the filing for relief under Chapter 13. The Debtor/Plaintiff's vehicle was equipped by Creditor/Defendant with a disabling device and GPS tracking system that allowed the Creditor/Defendant to render the vehicle inoperable in the event of a future default in payment to the Creditor/Defendant by the Debtor/Plaintiff for the debt on the vehicle. Since the filing of her bankruptcy petition, there has been no basis for the disabling device to have been activated, given that the Debtor/Plaintiff has made all payments in a timely manner as required under her Chapter 13 Plan, resulting in no occurrence of default by the Debtor/Plaintiff on her obligation to make payments to the Creditor/Defendant.

Shortly after she recovered her vehicle in February 2008, the Debtor/Plaintiff began having problems starting her vehicle due to a malfunction in the disabling device installed by the Creditor/Defendant. Since February 2008, the Debtor/Plaintiff has been required to go through a mechanical procedure in starting her car that required her to lift the hood and actually use tools to manipulate the disabling device so that her car could be started. The facts adduced at trial clearly indicate that the Creditor/Defendant was on notice of the problem with the disabling device on or before March 26, 2008.

Starting in March 2008, numerous attempts were made by the Debtor/Plaintiff and her bankruptcy attorney to obtain the Creditor/Defendant's cooperation in repairing the disabling device so that the Debtor/Plaintiff could start her vehicle in a normal manner. All of these attempts were to no avail, resulting in the filing of the instant adversary proceeding on June 6, 2008, wherein the Debtor/Plaintiff requests that the Creditor/Defendant's inaction as to the repair of the subject disabling device be found to be a willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1). The record of the instant adversary

proceeding reflects that even the filing of the adversary did not get the Creditor/Defendant's attention. Initially, Creditor/Defendant did not answer, resulting in the entry of a default judgment on July 29, 2008. Finally, after facing the default, the Creditor/Defendant hired counsel and moved to set aside the default judgment, which the Court set for hearing. On August 13, 2008, the Motion to Set Aside the Default Judgment was denied because the Creditor/Defendant failed to appear. A Motion to Reconsider Denial of the Motion to Vacate for Want of Prosecution was filed by the Defendant and subsequently allowed on September 11, 2008, with an answer finally being filed on September 17, 2008.

Despite the filing of the adversary and participation of the Creditor/Defendant's attorney, the Debtor/Plaintiff was still unable to obtain repair of the disabling device, even though by this time it was painfully clear that the Creditor/Defendant was under a duty to have the device repaired by virtue of the automatic stay under 11 U.S.C. § 362, and the confirmation of the Debtor/Plaintiff's Chapter 13 Plan of Reorganization. In fact, the vehicle and the disabling device remained unrepaired as of the date of trial in this matter on December 5, 2008.

At the closing of trial in this matter, the Court ruled in favor of the Debtor/Plaintiff finding a violation of the automatic stay pursuant to 11 U.S.C. § 362(k). The vehicle was ordered to be repaired, and the parties have now reported that the Debtor/Plaintiff's vehicle was satisfactorily repaired on December 9, 2008, following a telephonic status conference in which the Court directed the parties to effectuate repairs to the vehicle at the earliest possible moment and to advise the Court when the repairs were complete.

Conclusions of Law

Pursuant to 11 U.S.C. § 362(k)(1):

(k)     (1)     Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A violation is willful when a creditor acts intentionally with knowledge of the automatic stay or, more generally, the bankruptcy filing. In re Betts, 165 B.R. 233 (Bankr. N.D. Ill. 1994); Mercer v. D.E.F., Inc., 48 B.R. 562 (Bankr. D. Minn. 1985). Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay. In re Wagner, 74 B.R. 898, at 904 (Bankr. E.D. Pa. 1987). A specific intent to violate the stay is not required; it is sufficient that the creditor knows of the bankruptcy and engages in conduct that is a violation of the stay. In re Littke, 105 B.R. 905, at 910 (Bankr. N.D. Ind. 1989). However, a Court will not impose sanctions under § 362(k) (formerly § 362(h)) when there has been a mere technical violation of the stay or where it can be found that the creditor has acted in good faith. In re Zunich, 88 B.R. 721 (Bankr. W.D. Pa. 1988). A willful violation of the stay does not require a specific intent to violate the stay, rather the Bankruptcy Code provides for damages upon a finding that the creditor has notice of the stay and the creditor's actions were intentional in and of themselves. In re Welch, 296 B.R. 170 (Bankr. C.D. Ill. 2003).

Under the facts in this case, the Creditor/Defendant has a clear duty, pursuant to 11 U.S.C. § 362 and the Order confirming the Debtor/Plaintiff's Chapter 13 Plan, to see to it that the Debtor/Plaintiff's vehicle operated free from any interference from the disabling device installed at the Creditor/Defendant's behest. The undisputed facts clearly establish that the Creditor/Defendant utterly failed its duty while having clear notice of Debtor/Plaintiff's bankruptcy filing and of the automatic stay. The facts establish that the Creditor/Defendant's failure in its duty was paramount to a willful violation of the automatic stay to the extent that damages must be awarded in favor of the Debtor/Plaintiff.

Pursuant to 11 U.S.C. § 362(k), the Debtor/Plaintiff is entitled to actual damages, attorneys' fees, and punitive damages for the Creditor/Defendant's inaction which the Court finds to be egregious in nature. At the close of trial, the Court awarded the Debtor/Plaintiff actual damages in the amount of $2,220. The Court finds that this amount is fully supported

by the record of these proceedings, and this remains the award in favor of the Debtor/Plaintiff. As for attorneys' fees, the Debtor/Plaintiff's attorneys have submitted an Affidavit and Application for Attorneys' Fees requesting an amount of $2,860. The Court finds that the amount requested is supported by the fee justification and itemization submitted together with the attorneys' affidavit, and that fees will be awarded in favor of the Debtor/Plaintiff in the amount requested of $2,860.

Having found that the Creditor/Defendant's conduct resulted a willful violation of the automatic stay, the Court awarded $1,000 in punitive damages at the close of trial. This finding is based on the Court's conclusion that the Creditor/Defendant's inaction in this case was not only willful, but was egregious and ongoing. The Creditor/Defendant's failure to repair the faulty disabling device exposed the Debtor/Plaintiff and her family to many instances of potential danger over a period of nearly ten months. The Creditor/Defendant has shown no justification for its inaction in this matter. As such, the Court finds that the award of $1,000 in punitive damages is fully supported under the uncontroverted facts and clear legal authority.

ENTERED: January  8 , 2009.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge